UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DIANE LACADIE, )<br>)<br>    *Pro Se* Plaintiff )<br>)<br>v. )<br>)<br>TOWN OF MILFORD, )<br>)<br>    Defendant ) | Civ. No. 07-101-B-W |

**MEMORANDUM OF DECISION ON MOTION TO AMEND**

The Court issued the scheduling order in this matter on August 7, 2007. (Doc. No. 5.) That order set October 23, 2007, as the deadline for amendment of the pleadings. Now pending is the plaintiff's motion to amend her complaint, which motion was filed on January 18, 2008, the very last day of the discovery period. (Doc. No. 8.) The motion is denied.

**Discussion**

After a responsive pleading has been served, a party may amend his complaint "only by leave of court or by written consent of the adverse party." Rule 15(a). Leave to amend "shall be freely given when justice so requires." Id. In Foman v. Davis, the Supreme Court instructed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

Ms. Lacadie wishes to amend her complaint so that it recites a retaliation claim under the heading of count I (sexual harassment). In addition, she wants her second count to include a § 1983 civil rights claim for an alleged due process violation. (See Proposed Am. Compl. ¶¶ 16 & 22-23, Doc. No. 8-2.) According to the extant complaint, Ms. Lacadie worked for the Town of Milford and was cashiered after complaining about sexual harassment in the workplace. Ms. Lacadie plainly alleged in her complaint that she was terminated "as a result of" filing a complaint with the Maine Human Rights Commission. (Compl. ¶ 10, Doc. No. 1-2.) As a *pro se* litigant, Ms. Lacadie is entitled to a measure of leniency when it comes to interpreting her complaint. Haines v. Kerner, 404 U.S. 519 (1972). Thus, even though none of the seven counts in her complaint is entitled "retaliation" and none expressly incorporates her tenth factual allegation concerning retaliation, that factual allegation of retaliation is sufficient to raise the claim. In short, there is no need to amend her pleading in order to preserve a claim of retaliation.

Ms. Lacadie's request to insert a civil rights/due process claim is another matter. There are no allusions in the extant complaint to any procedural irregularities. The proposed amended complaint contains an allegation that the Town of Milford deprived her of "due process of law by making false accusations against her regarding her fitness for public office." (Proposed Am. Compl. ¶ 22.) The request to make this amendment is denied because it is untimely, coming well after the deadline for amendment of pleadings and at the very end of the discovery period. It is also denied because it is both dilatory and futile. Ms. Lacadie's deposition testimony reflects that she received pre-deprivation process in the form of a meeting with the Town Manager, at which she was represented by counsel, and a hearing before the Board of Selectmen, for which her attorney was not present. (Lacadie Dep. at 94-98, Doc. No. 12-2.) Moreover, the proposed amended complaint does not even include any factual allegations pertaining to the denial of pre-

deprivation process, only an allegation that the accusations made in support of her termination were false. Ms. Lacadie's allegation that her termination was based on lies—a factual allegation that has been available to Ms. Lacadie from the inception of this litigation—is too slender a reed to justify the introduction of a due process claim at this stage of the proceedings.

## Conclusion

The plaintiff's motion to amend (Doc. No. 5) is **DENIED**.

## CERTIFICATE

Any objections to this Memorandum of Decision shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

February 25, 2008            /s/ Margaret J. Kravchuk
                             U.S. Magistrate Judge